**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EUGENE FEDOSEEV and OKSANA BARANCHUK,<br><br>            Plaintiffs,<br><br>    v.<br><br>TEMPUS LOGIX and OPEN ROAD TRUCKING,<br><br>            Defendants. | Civil Action No. 24-7312 (JXN)(CF)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiffs Eugene Fedoseev ("Fedoseev") and Oksana Baranchuk ("Baranchuk") (collectively, "Plaintiffs") motion for default judgment against Defendant Open Road Trucking ("Open Road") pursuant to Federal Rule of Civil Procedure[1] 55(b)(2). (ECF No. 17.) The Court has carefully considered Plaintiffs' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion for default judgment is **DENIED without prejudice** to their ability to refile.

I.      **BACKGROUND**

    A.      **Statement of Facts**

Plaintiffs are married New Jersey residents. (*See* Compl. ¶ 1, ECF No. 1.) Plaintiff alleges Defendants Tempus Logix ("Tempus"), Copart, and Open Road are California, Texas, and Ohio corporations, respectively. (*Id.* ¶¶ 2–5.)

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Fedoseev alleges he bought a car from Copart and arranged to have it shipped from Michigan to New Jersey. (*Id.* ¶¶ 9–11.) According to Plaintiffs, Tempus and Open Road handled the shipping. (*Id.* ¶ 11.)

On November 7, 2023, an Open Road truck driver informed Fedoseev the car had arrived, but it would not start. (*Id.* ¶ 14.) The driver allegedly instructed Fedoseev to back the car off the carrier into the street. (*Id.* ¶ 17.) After doing so, the driver told Fedoseev that he and Fedoseev would push the car into Fedoseev's driveway. (*Id.* ¶ 18.) The driver pushed the car from the rear; Fedoseev pushed from the driver's side window. (*Id.* ¶ 19.)

Unfortunately, the men lost control of the car, and it began to roll downhill towards Plaintiffs' home. (*Id.* ¶ 20.) Fedoseev attempted to stop the car, but got pinned underneath and suffered severe injuries. (*Id.* ¶ 20.)

### B.    Procedural History

Plaintiffs sued Defendants for negligence and loss of consortium in this Court on June 27, 2024. (*See generally id.*) Plaintiffs served Open Road by certified mail to Open Road's Oregon office on July 1, 2024. (*See* Pls.' Ex. E ("Oregon Service"), ECF No. 27 at *22–23.[2]) The return receipt was signed on July 12, 2024. (*Id.*) On July 22, 2024, Plaintiff served Open Road's Akron, Ohio office by certified mail. (*See* Pls.' Ex. B ("Ohio Mail Service"), ECF No. 27 at *10–14.) Service was delivered on July 29, 2024, but the return receipt was not signed. (*Id.* at *12.) And on October 28, 2024, Plaintiffs personally served a front desk clerk for Open Road at the Ohio office. (*See* Pls.' Ex. C ("Ohio Personal Service"), ECF No. 27 at *16–17.)

---

[2] Pincites preceded by an asterisk (*) use ECF pagination.

Open Road did not answer or otherwise respond to the complaint. Plaintiffs obtained a Clerk's Entry of Default against Open Road on January 6, 2025, (*see* Req. for Default, ECF No. 16), and moved for default judgment later that month (Mot. Default J., ECF No. 17).

The Court scheduled a hearing on Plaintiffs' non-economic damages for February 11, 2026, which was adjourned due to questions about whether Plaintiffs properly served Open Road. (*See* Text Order, ECF No. 25.) Instead, the Court directed Plaintiffs to address the following issues:

> (1) Whether Plaintiffs properly served Open Road under Federal Rules of Civil Procedure 4(h) and (m), New Jersey Court Rules 4:4-3 and -4, Ohio Rule of Civil Procedure 4.1, or Oregon Rule of Civil Procedure 7 D; (2) Whether Plaintiffs' service by certified mail to Ohio (see ECF No. 7), complied with the Ohio Rule of Civil Procedure 4.1(A)(1)(a); (3) Whether Plaintiffs' service by certified mail to Oregon (see ECF No. 24, at *11-13), complied with Oregon Rule of Civil Procedure 7 D and Baker v. Foy, 310 Or. 221 (1990); (4) Whether Plaintiffs' personal service on an Open Road front desk worker in Ohio (see ECF No. 11 ), was timely under Federal Rule of Civil Procedure 4(m); (5) if Plaintiffs' personal service in Ohio was timely, whether the address of service was Open Road's "usual place of business," Continuum Transp. Servs., Ltd. v. Elite Int'l Corp., LLC, 2024-Ohio-340, 19 (8th Dist. 2024); (6) Whether Open Road in Oregon is the same corporation as Open Road in Ohio; and (7) Plaintiffs shall provide grounds for good cause to extend the time to effect service of process if service of process was ineffective.

(*Id.*) Plaintiffs filed a reply addressing the above questions on March 3, 2026. (*See* Pls.' Supp. Cert., ECF No. 27.)

## II.    <u>LEGAL STANDARD</u>

Rule 55 allows the Court to enter default judgment against a properly served party who fails to plead or otherwise defend against the claims asserted against it. The party seeking a default judgment must first obtain a Clerk's entry of default under Rule 55(a). *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008). Then, the party may move for default judgment before the Court under Rule 55(b). *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008).

Default judgment is generally disfavored. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). Before entering default judgment, the Court must thoroughly examine: (1) whether the defaulting defendant was properly served, *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 18–19 (3d Cir. 1985); (2) whether the Court has subject matter jurisdiction and personal jurisdiction, *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017); and (3) whether the unchallenged facts in the complaint adequately state a claim upon which relief can be granted, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). The Court must also weigh "(1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default." *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)).

Finally, the moving party must prove damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court, however, does not presume true a plaintiff's "allegations relating to the amount of damages." *Chanel*, 558 F. Supp. 2d at 535–36. The Court may, in its discretion, "conduct hearings or make referrals" to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). A hearing is unnecessary, however, where damages are "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

## III.    DISCUSSION

### A.    Subject Matter Jurisdiction

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine

4

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between completely diverse parties where the amount in controversy exceeds $75,000. (*See* Compl. ¶ 6.) Complete diversity means no plaintiff is a "citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of their state of domicile. *Id.* "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* And "the citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420. Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). A party's "bald allegations that the corporate parties are 'citizens' of certain states are insufficient to carry its burden of pleading the diversity of the parties." *Id.*

Plaintiffs have not adequately alleged the parties are diverse. Plaintiffs are both New Jersey residents. According to the Complaint, Tempus is a California corporation, Copart is a Texas corporation, and Open Road is an Ohio corporation. (*See* Compl. ¶¶ 2–4.) But, according to the registration information Plaintiffs include in their supplemental certification, Open Road is an *LLC*. (*See* Pls.' Ex. A ("Open Road Reg."), ECF No. 27 at *7–9.) Plaintiffs have not identified the citizenship of Open Road's members. Accordingly, the Court cannot conclude it has subject matter jurisdiction under § 1332(a), and the motion for default judgment must be **denied *without prejudice*** to Plaintiffs' ability to later refile with adequate jurisdictional allegations.

### B.    Service of Process

Before the Court can enter default judgment, it must find that the defaulting party was properly served. *Gold Kist*, 756 F.2d at 18–19. The defaulting party, Open Road, is an LLC. Rule 4(h) provides an LLC may be served (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1), 4(h). Moreover, Rule 4(m) requires the plaintiff to serve the defendant within ninety days of filing the complaint. If a defendant is not timely served, the Court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for failure to timely serve a defendant, the Court may extend the time for service. *Id.*

In sum, Plaintiffs must have, within ninety days of filing the complaint: (1) personally served an Open Road officer, managing/general agent, or an agent authorized by law or appointment to accept service; or (2) served Open Road in a manner authorized by the law of the state where this Court sits (New Jersey), or where service was made (Ohio or Oregon).

### i.    The Service

Here, Plaintiffs served Open Road by certified mail to both the Ohio and Oregon offices within ninety days of filing the complaint. (*See* Oregon Service; Ohio Mail Service.) 123 days after filing the complaint, Plaintiffs personally served an Open Road front desk employee at the Ohio office. (*See* Ohio Personal Service.) Neither service was effective.

6

### a.    By Mail

#### 1.    Federal Rules

As discussed above, Rule 4(h) permits service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Delivery does not include service by mail. *See Faber v. Bank of N.Y. Mellon*, No. 23-4520, 2024 WL 1533618, at *2 (D.N.J. Apr. 9, 2024). Because Plaintiffs only mailed process to Open Road within the ninety-day window for service, the Court considers whether service was effective under New Jersey's, Ohio's, or Oregon's rules.

#### 2.    New Jersey

Service was also defective under New Jersey's court rules. New Jersey Court Rule[3] 4:4–4(a)(5) permits service on an LLC by "serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on an officer or managing agent or, in the case of a partnership, a general partner."[4] New Jersey Rule 4:4–4(a)(1), in turn, dictates the "primary method" for service of process "is by causing the summons and complaint to be personally served" on the individual, leaving the process with a competent member of the individual's household, or delivering a copy authorized to accept process for the individual. New Jersey also permits service by certified mail if the plaintiff describes "with specificity" that "personal service cannot be effected after a reasonable and good faith attempt." N.J. Ct. R. R. 4:4-3(a).

Plaintiffs did not personally serve an officer or agent of Open Road according to New Jersey Rule 4:4–4(a)(1). And Plaintiffs have not described, with specificity, that they could not

---

[3] Hereinafter referred to as "New Jersey Rule" or "New Jersey Rules."

[4] New Jersey Rule 4:4-4(a)(5) sets forth service rules for "partnerships and unincorporated associations." But LLCs "have been treated like 'unincorporated associations' under New Jersey's Rules of Court." *Faber v. Bank of N.Y. Mellon*, No. 23-4520, 2024 WL 1533618, at *3 n.1 (D.N.J. Apr. 9, 2024).

effect personal service after a reasonable and good faith attempt. Accordingly, Plaintiffs' service by mail did not comply with New Jersey's rules.

### 3.    Ohio

Service did not comply with Ohio's court rules. Ohio Rule of Civil Procedure[5] 4.2 permits service on an LLC "by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under [Ohio Rule] 4.1(A)(1); or by serving a manager or member." Ohio Civ. R. 4.2(G). Ohio Rule 4.1(A)(1)(a), in turn, allows service by certified mail. The plaintiff must instruct the clerk to serve the defendant by "certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered." *Id.* Proper service by mail is "[e]videnced by return receipt signed by any person accepting delivery." *Id.* "When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee." *Mangan v. Morocho & Garcia Constr. LLC*, 2024-Ohio-2241, ¶ 12 (10th Dist. 2024).

Here, Plaintiffs' attorney, not the clerk, mailed the process. The certified mail receipt does not have a signature from anyone. Nor does it identify who accepted the process. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 323 (6th Cir. 1999) (concluding service did not satisfy Ohio law where "[n]o one signed a return receipt."). Without more, the Court cannot conclude service was effective under the Ohio Rules.

---

[5] Hereinafter referred to as "Ohio Rule" or "Ohio Rules."

*4.      Oregon*

Finally, Plaintiff fails to show its service on Open Road complied with Oregon's rules. Oregon applies a two-step test for determining whether service of process was adequate. *Baker v. Foy*, 310 Or. 221, 228 (1990).

First, the Court considers whether service was made according to Oregon's Rules of Civil Procedure.[6] *Id*. If the answer is "yes," service is presumptively reasonable. *Id.* at 229. If the answer is "no," service will nonetheless be valid if it provides "reasonable notice" to defendants. "Reasonable notice" means service "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7 D(1). Whether notice is reasonable depends on the totality of the circumstances that "plaintiffs or plaintiffs' process server knew at the time of service." *River v. Boespflug*, 312 Or. App. 558, 565 (2021). Service may be adequate "if the plaintiff has reason to believe that the person to whom the summons and complaint have been delivered has 'regular, frequent and predictable contact with the defendant.'" *Id.* (quoting *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 617 (1997)). "Plaintiff has the burden of demonstrating adequate service." *Card v. Pipes*, 398 F. Supp. 2d 1126, 1131 (D. Or. 2004).

At step one, service did not comply with the Oregon Rules. The Oregon Rules provide one primary service method and four alternatives for serving an LLC. *See* Or. R. Civ. P. 7D(3)(c). The primary method is personal or "office service" on "a registered agent, manager, or . . . member" of the LLC, or "by personal service on any clerk on duty in the office of a registered agent." Or. R. Civ. P. 7D(3)(c)(i).

---

[6] Hereinafter referred to as "Oregon Rule" or "Oregon Rules."

One alternative service method is "substituted service on the registered agent, manager, or . . . member." Or. R. Civ. P. 7D(3)(c)(ii)(A). Substituted service means delivering process to a person who resides at the defendant's house and mailing a copy to the defendant. Or. R. Civ. P. 7D(2)(b). Plaintiffs did not use this method. Another alternative is "by personal service on any clerk or agent of the limited liability company." Or. R. Civ. P. 7D(3)(c)(ii)(B). Plaintiffs did not use this method, either. Yet another alternative is service on the Oregon Secretary of State. Or. R. Civ. P. 7D(3)(c)(ii)(D). Plaintiffs do not allege they did so.

The alternative method potentially relevant here is

> by mailing in the manner specified in paragraph D(2)(d) of this rule true copies of the summons and the complaint to: the office of the registered agent or to the last registered office of the limited liability company, if any, as shown by the records on file in the office of the Secretary of State; or, if the limited liability company is not authorized to transact business in this state at the time of the transaction, event, or occurrence on which the action is based occurred, to the principal office or place of business of the limited liability company; and, in any case, to any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice.

Or. R. Civ. P. 7D(3)(c)(ii)(C).Oregon Rule 7D(2)(d), in turn, provides "service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested."

Here, Plaintiffs served a copy of the complaint and summons to what is purportedly an Open Road office in Oregon by first class and certified mail, return receipt requested. But Plaintiffs have not alleged that the address they mailed the process to was (a) the office of Open Road's registered agent; (b) the last registered office of Open Road on file with the Oregon Secretary of State; or (c) the principal office or place of business of Open Road. The Court, accordingly, moves to step two—whether service was reasonably calculated to give notice.

At step two, Plaintiffs have not adequately alleged service was reasonably calculated to provide notice. Plaintiffs state that "[u]pon information and belief, Open Road [] also regularly conducts business" in Oregon. (*See* Pls. Supp. Cert. ¶ 12.) But Plaintiffs do not identify the information underlying that belief (*see generally id.*), particularly where Plaintiff alleges Open Road's "*usual* place of business" is in Ohio, (*id.* ¶ 19 (emphasis added)). Nor is it clear that Open Road in Oregon is the same company as Open Road in Ohio. Indeed, Plaintiffs allege Open Road in Ohio is an LLC, while OpenRoad in Oregon appears to be a corporation. *See OpenRoad Am. Annual Report*, Or. Sec'y of State (Apr. 9, 2026), https://perma.cc/C9PB-2HP5. "[M]ailing to the wrong person does not establish service." *Wells Fargo Bank, N.A. v. Jasper*, 289 Or. App. 610, 615 (2017).

Plaintiffs, accordingly, fail to meet their burden of showing service by mail was proper.

### b.    In Person

Plaintiffs' belated personal service at Open Road's Ohio office was ineffective. The ninety-day limit on service under Rule 4(m) is mandatory. *Stott v. Split Decision Music, LLC*, 2021 WL 4551607, at *6 (D.N.J. Oct. 5, 2021) (concluding service pursuant to state law does not augment Rule 4(m)). Plaintiffs filed the Complaint on June 27, 2024. They had until September 25, 2024, to serve Open Road. Plaintiffs personally served Open Road over a month later, on October 28, 2024. Plaintiffs, therefore, failed to timely serve Open Road. Accordingly, Plaintiffs' motion for default judgment is **denied**.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion for default judgment (ECF No. 17) is **DENIED** *without prejudice*. Plaintiffs are granted leave to re-serve Open Road within sixty days and file proof of service on the docket within sixty-five days. Should Plaintiffs fail to timely file

11

proof of service, the Court may dismiss the motion for default judgment with prejudice. If Plaintiffs file a renewed motion for default judgment after filing proof of service, they shall identify the basis upon which the Court has subject matter jurisdiction. An appropriate Order accompanies this Opinion.

DATED: 7/23/2026

                              **JULIEN XAVIER NEALS**
                              **United States District Judge**